UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES HARTZ, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CAUSE NO. 2:13-CV-9 RLM |
| ) | |
| DAVID LAIN, individually and in his ) | |
| official capacity as Sheriff of Porter ) | |
| County Indiana, *et al.*, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Charles Hartz was serving a 30-day sentence in the Porter County Jail when he fell from the top bunk in his cell and was injured. He brought suit on behalf of himself and his minor daughter under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and state common law, seeking compensatory and punitive damages "for the physical injury and the pain and suffering caused by Defendant[s'] denial of necessary prescriptions, medical care or treatment and violations of the Plaintiff's constitutional, statutory, and administrative rights," and for his daughter's loss of consortium.  Porter County Sheriff David Lain, Porter County Jail Warden John Widup, Porter County, the Porter County Board of Commissioners and its members (John Evans, Nancy Adams, Carol Knoblock,  and Laura Blaney), and the "Porter County Jail Governing Board or Body" filed a partial motion to dismiss under FED. R. CIV. P. 12(b)(6). For the following reasons, the court grants their motion in part and denies it in part.

I. BACKGROUND

The complaint alleges that Mr. Hartz was being treated with prescription medications for a "serious medical condition" when he was taken into custody in December 2010;[1] that he was denied access to those medications during his incarceration pursuant to a jail policy or custom that Sheriff Lain "established and maintained"; that he began to exhibit "strange, erratic and bazaar behavior" in December but wasn't transferred to the infirmary or monitored; and that he was seriously injured on January 6 or 7, 2011, when he fell from his bunk. Mr. Hartz asserts claims against the defendants collectively under 42 U.S.C. § 1983 and Indiana common law, alleging that they were deliberately indifferent to his serious medical condition in violation of his rights under the Fourteenth Amendment and/or negligent, that he was injured as a result of "Defendants' systemic and individual actions and inactions"; and that his daughter suffered the loss of his services, society, companionship and support. Mr. Hartz also asserts a claim under the ADA, alleging that his medical condition qualifies as a disability within the meaning of the Act, and that the defendants generally, and Sheriff Lain specifically, "intentionally or with deliberate indifference" discriminated against him based on that disability when they refused to provide prescribed medications

---

[1] The complaint doesn't identify the nature of Mr. Hartz's "serious medical condition," but it does allege that: "Plaintiff's physician prescribed psychotropic, other controlled substances or methadone drugs to suppress the Plaintiff's desires and mental health issues," and that "[i]f he adheres to his prescribed medication regimen, he...is expected to remain stable or improve from his affective disorders and/or additions (sic)." [Doc. No. 1, ¶¶ 21 and 22].

and failed to ensure adequate access to medical services, and/or refused to provide reasonable accommodations for the treatment of Mr. Hartz's medical condition.

The defendants moved to dismiss some, but not all, of the claims asserted against them under FED. R. CIV. P. 12(b)(6), contending that Indiana doesn't recognize a cause of action for "loss of parental consortium when the parent is negligently injured by a third person," *see* Dearborn Fabricating and Engineering Corp., Inc. v. Wickham, 551 N.E.2d 1135, 1139 (Ind. 1990), and that Indiana's two-year statute of limitations for personal injury actions, IND. CODE § 34-11-2-4, bars any claim (federal or state) based on acts or omissions that occurred before January 7, 2011. The defendants also contend that the complaint doesn't state a plausible claim against them under the ADA, against Warden Widup in his individual capacity under § 1983, or against Porter County, the Porter County Board of Commissioners, or the "Porter County Jail Governing Board or Body," under any of the theories espoused.

Mr. Hartz concedes that the loss of consortium claim should be dismissed, but summarily concludes that his complaint was timely filed and that the defendants' motion to dismiss the remaining claims is premature and should be denied because it's based on factual issues that can't be resolved until discovery is completed.

II.  STANDARD OF REVIEW

The court can defer considering or deny a motion for summary judgment under FED. R. CIV. P. 56 to allow the non-movant to take discovery, but the defendants brought their motion under FED. R. CIV. P. 12(b)(6), challenging the sufficiency of the complaint, not the merits of the plaintiff's claims. When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). FED. R. CIV. P. 8(a)(2), however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; *see also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

III.  DISCUSSION

A.  *Statute of Limitations*

The parties agree that Indiana's two-year statute of limitations for personal injury actions, IND. CODE 34-11-2-4, applies to each of Mr. Hartz's claims, *see* Devbrow v. Kalu, 705 F.3d 765, 767 (7th Cir. 2013); Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547, 551 n.3 (7th Cir. 1996); Schott v. Huntington National Bank, 914 F.Supp.2d 933, 939 (S.D. Ind. 2012), but disagree on when the limitations period began to run. The defendants maintain that it began to run when the conduct complained of (the denial of medical care and medications) occurred, and that the statute of limitations bars Mr. Hartz's claims to the extent he seeks damages for any act or omission that occurred before January 7, 2011. Mr. Hartz contends that the limitations period didn't begin to run until January 6-7, 2011, when he fell and was physically injured, and that his complaint was filed within two years of that date (on January 7, 2013).[2]

Deciding when Mr. Hartz's claims accrued for purposes of a statute of limitations defense involves a fact-intensive inquiry that generally would preclude dismissal at this early stage of the proceedings. *See* United States v. Norwood, 602 F.3d 830, 837 (7th Cir. 2010); Devbrow v. Kalu, 705 F.3d at 768; Hileman v. Maxe, 367 F.3d 694, 696 (7th Cir. 2004); Soignier v. Am. Bd. of Plastic Surgery,

---

[2] Mr. Hartz points out that the Clerk's Office was closed and inaccessible on Saturday and Sunday, January 5 and 6, 2013, so he had until January 7 to file his compliant under FED. R. CIV. P. 6.

92 F.3d at 551-53; Schott v. Huntington National Bank, 914 F.Supp.2d at 939. An exception exists when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005), but Mr. Hartz wasn't required to "anticipate or attempt to defuse potential defenses" in his complaint, U.S. Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003), and his complaint "does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." Hollander v. Brown, 457 F.3d 688, 691 n. 1 (7th Cir. 2006); *see also* Cancer Foundation, Inc. v. Cerberus Capital Mgmt, LP, 559 F.3d 671, 674 (7th Cir. 2009). Under the applicable accrual rules, the statute of limitations begins to run "when the plaintiff learns that he [has] been injured, and by whom." United States v. Norwood, 602 F.3d 830, 837 (7th Cir. 2010); *see also* Devbrow v. Kalu, 705 F.3d at 768; Schott v. Huntington Nat'l Bank, 914 F.Supp.2d 933, 939 (S.D. Ind. 2012).

At this stage of the proceedings, no one disputes that Mr. Hartz's claim for injuries sustained when he fell from his bunk on January 6 or 7, 2011 was timely filed. But those don't appear to be the only injuries he alleges. The complaint seeks damages not only for the physical injuries sustained in the fall, but also for the pain and suffering allegedly "caused by Defendant[s'] denial of necessary prescriptions, medical care or treatment and violations of the Plaintiff's constitutional, statutory, and administrative rights." Mr. Hartz hasn't asserted a continuing violation (although it might be inferred from the complaint) or grounds

for equitable tolling, and his complaint doesn't state when the alleged violations occurred, or when Mr. Hartz knew, or should have known, that he'd been injured by acts or omissions that occurred on or before January 7, 2011.

But neither does the complaint foreclose the possibility of a continuing violation or equitable tolling. When a complaint, like this one, doesn't "set forth everything necessary to satisfy the affirmative defense," dismissal under Rule 12(b)(6) would be premature. United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); *see also* Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) ("affirmative defenses do not justify dismissal under Rule 12(b)(6)").

### B. *Sufficiency of the Complaint*

#### 1. The ADA Claim

Although the caption in the complaint indicates that Mr. Hartz's ADA claim is "Against Defendant Lain in [his] Official Capacity," the substantive allegations refer to the "Defendants" collectively and/or the "Defendant" (presumably Sheriff Lain). The complaint alleges that: "Defendants violated Plaintiff's rights under the American[s] with Disabilities Act," "impermissibly discriminated against Plaintiff on the basis of his medical condition and need for prescription treatment, a recognizable disability under the A.D.A." and "intentionally discriminated against Plaintiff solely on the basis of his disability, in violation of his rights under the

7

ADA."[3] The complaint alleges, in the alternative, that "Defendant intentionally or with deliberate indifference to Plaintiff's serious medical need, refused to [make reasonable accommodations for his disability]", and "denied [him] access to medical services provided by Defendant."[4]

The defendants moved to dismiss the ADA claim in its entirety, contending that the alleged denial of medical care might provide a basis for a claim under the Eighth Amendment, but it doesn't state a claim under the ADA.[5] The court agrees.

The ADA applies to inmates, Pennsylvania Dept of Corrections v. Yeskey, 524 U.S. 206 (1998), but Mr. Hartz hasn't stated a plausible claim under that statute. His complaint simply recites the elements of an ADA claim and makes conclusory statements about the defendants' actions. It doesn't identify the nature of Mr. Hartz's disability, what services, programs, or activities he was alleged denied, but others received, or which defendant or defendants he's referring to. Such allegations are insufficient. See Ashcroft v. Iqbal, 556 U.S. at 678; Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010); Perrey v. Donahue, 2007 WL 4277621, at *4 (N.D. Ind. 2007).

---

[3] *See* Paragraphs 1, 3, and 65-73 of the Complaint [Doc. No. 1].

[4] *See* Paragraphs 74-75 of the Complaint [Doc. No. 1].

[5] The defendants also contend that Mr. Hartz's ADA claim is barred by the applicable two-year statute of limitations because it accrued "the [first time] that he was allegedly informed by Porter County Jail staff that he would not be given medications." Citing Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp., 522 U.S. 192, 195 (1996); Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547, 551 n.3 (7th Cir. 1996). For the reasons previously stated, dismissal under Rule 12(b)(6) based on a statute of limitations defense would be premature.

## 2. Section 1983 Claim Against Warden Widup

The defendants also have moved to dismiss any claim against Warden Widup in his individual capacity under 42 U.S.C. § 1983, contending that the complaint doesn't sufficiently allege that he was personally involved in the denial of medication and medical care. Although Mr. Hartz believes the allegations of the complaint are sufficient as pleaded, he maintains that "discovery is necessary to reveal if Warden Widup qualifies as one of the John Does personally involved with the Plaintiff or if he knew of their conduct, facilitated it, approved, condoned or turned a blind eye or acted outside of his scope of employment as it relates to this action," and asks the court to deny the defendants' motion as premature.

The issue before the court isn't whether defendants are entitled to judgment on the merits, but whether the compliant sufficiently states a plausible claim for relief. To survive a motion to dismiss, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d at 404.  Mr. Hartz hasn't done that.

The complaint makes several conclusory statements about the defendants collectively, but contains only two references to Warden Widup specifically. The complaint alleges that Mr. Hartz was in the custody of various officials at the Porter County Jail, including Warden Widup, and that Porter County was a necessary party to the litigation because the plaintiff was seeking damages against Warden Widup and Sheriff Lain in their official capacities. The complaint alleges that "the Defendants" knew about Mr. Hartz's medical condition, disregarded his

9

"requests for treatment . . . and failed to take reasonable measures to meet [his] serious medical needs", and did so in furtherance of an "unreasonable" policy or custom that Sheriff Lavin established and maintained," and that "Defendants' actions, inactions, policies, and/or widespread customs caused Plaintiff actual injury." But those conclusory statements aren't supported by any factual content from which the court could reasonably infer that Warden Widup knew about Mr. Hartz's condition, or was personally involved in, or liable for, the alleged deprivation of Mr. Hartz's constitutional rights under the Fourteenth Amendment. Dismissal of the individual capacity claim against Warden Widup is warranted. *See* Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under 1983, an individual defendant must have 'caused or participated in a constitutional deprivation'"); Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) ("To be personally responsible, an official 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'"), *overruled on other grounds*, Hill v. Tangherlini, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

### 3. The County, Board, and "Jail Governing Board or Body"

Porter County, the County Board of Commissioners, and the individual Board members move to dismiss all claims against them, contending that they don't exercise control over the Sheriff or the Sheriff's Department, aren't responsible for administering the manner of an inmate's incarceration, Donahue v. St. Joseph County, 720 N.E.2d 1236, 1240 (Ind. App. 1999), and aren't liable

for the acts or omissions of the Sheriff or Sheriff's Department under a *respondeat superior* theory or any other theory. See <u>Argandona v. Lake County Sheriff's Department</u>, 2007 WL 518799 *3 (N.D. Ind. Feb. 13, 2007); <u>Kocon v. Lake County Sheriff's Dept.</u>, 2007 WL 1959239 *8 (N.D. Ind. June 29, 2007); <u>Carver v. Crawford</u>, 564 N.E.2d 330, 334 (Ind. App. 1990). The defendants also contend that the "Porter County Jail Governing Board or Body" isn't a viable legal entity and that the complaint doesn't sufficiently identify what board or body Mr. Hartz refers to, and so falls short the notice pleading requirements of FED. R. CIV. P. 8(a)(2).

Mr. Hartz doesn't address the sufficiency of the allegations against the County, the Board, its members, or the "Porter County Jail Governing Board or Body," or point to any factual content in the complaint from which the court could reasonably infer that the named defendant are liable for the misconduct alleged. He simply asserts that the motion to dismiss should be denied because "discovery is needed to determine or reveal if the county or the Board of Commissioners acted beyond [their] statutory authority . . ." and if there is, in fact, a "Porter County Jail Governing Board or Body." For reasons previously stated, the court once again disagrees.

The complaint alleges that "Defendants were aware of [Mr. Hartz's] condition," and were deliberately indifferent to his medical condition and/or were negligent when they failed to provide him with his medications and medical treatment; that "Defendants" discriminated against Mr. Hartz on the basis of his

11

disability (the undisclosed medical condition) when they failed to provide "effective medical services" and access to the services, benefits, activities, programs, or privileges that other non-disabled inmates have, or to make reasonable accommodations for his medical condition/disability; and that Mr. Hartz was injured as a result of "Defendants' actions, inactions, policies, and/or widespread customs." But the complaint also alleges that Sheriff Lain established and maintained the policies or customs in question. No allegations tend to show that the County, the Board of Commissioners, or the "Jail Governing Board or Body" knew or should have known about the Sheriff's alleged policies and customs, that they were the "moving force" behind the alleged misconduct, *see* Board of County Comm'rs of Bryan County, Ok. v. Brown, 520 U.S. 397, 404 (1997), or that the alleged violations occurred at their direction or with their consent. *See* Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985). The only allegations in the complaint that make any reference to the County, the Board of Commissioners, and the "County Governing Board or Body" are found in paragraphs 10 and 12, which state:

> 10.     Advanced Correctional Healthcare provides medical services at the Porter County Jail at the direction of Porter County Sheriff David Lain or the Porter County Jail Governing Board or Body and /or Porter County by its Board of Commissioners.
>
> 12. Defendant Porter County is a necessary party because Plaintiff is seeking damages from Defendant David Lain and Joseph Widup in each [of] their official capacities as Sheriff of Porter County and Warden of the Porter County Jail, respectively. Defendant Porter County by its Board of Commissioners Nancy A. Adams, Carol Knoblock[,] Laura Shurr Blaney, and John Evans is joined in this

action pursuant to the Indiana Code and have received notice pursuant to I.C. 34-13-3-5 and I.C. 34-13-3-8 or such other notice statute section.

"Plaintiff must to better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." Swancon v. Citibank, N.A., 614 F.3d at 403 (emphasis in original). Mr. Hartz's complaint offers nothing more.

### 4. Loss of Consortium

The defendants contend, and Mr. Hartz concedes, that the loss of consortium claim filed on behalf of his minor daughter is subject to dismissal under Dearborn Fabricating and Engineering Corp., Inc. v. Wickham, 551 N.E.2d 1135, 1139 (Ind. 1990). The court agrees.

### IV. CONCLUSION

For the reasons stated, defendants' partial motion to dismiss [Doc. No. 22] is GRANTED in part, and DENIED in part. The defendants' motion to dismiss all claims to the extent they're based on acts or omissions that occurred before January 7, 2013 is DENIED. In all other respects, the motion is GRANTED. The ADA claim, all claims asserted against Porter County, the Porter County Board of Commissioners, the individual Board members, and the "Porter County Jail Governing Board or Body," the individual capacity claim against Warden Widup under 42 U.S.C. § 1983, and the loss of consortium claim on behalf of Mr. Hartz's

13

minor daughter are DISMISSED without prejudice. If Mr. Hartz wishes to amend his complaint, he must seek leave of court or obtain the opposing parties' written consent, pursuant to FED. R. CIV. P. 15(a)(2).

 SO ORDERED.

 ENTERED: <u> November 5, 2013 </u>


        <u> /s/ Robert L. Miller, Jr. </u>
        Judge
        United States District Court