UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CHARLES HARTZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 2:13-CV-9 RLM |
|  | ) |  |
| DAVID LAIN, *et al.*, | ) |  |
|  | ) |  |
| Defendants | ) |  |

OPINION AND ORDER

Charles Hartz was serving a sentence in the Porter County Jail when he fell from a bunk in his cell and was injured. He sued Porter County Sheriff David Lain, Warden John Widup, and Advanced Correctional Health Care (the medical services provider at the jail) under 42 U.S.C. § 1983 and state law claiming that they were deliberately indifferent to his medical needs and/or negligent when they denied his requests for medication and failed to transfer him to the infirmary or adequately monitor him when he started exhibiting "strange, erratic and bazaar behavior." The defendants moved for summary judgment under Fed. R. Civ. P. 12(b)(6). Although Mr. Hartz was granted an extension of time to respond, he hasn't filed a response or requested additional time to do so. For the following reasons, the court grants the defendants' motions for summary judgment.

I. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such

that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, as the defendants have in this case, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005)(summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

## II. DISCUSSION

The facts giving rise to this action were set forth in great detail in the defendants' statements of facts and were supported by the affidavits of Sheriff Lain, Dr. John Collier, Kim House, RN, Mr. Hartz's deposition testimony, and records from the Porter County Jail. [Doc. Nos. 67, 68, 70]. Mr. Hartz didn't object to the defendants' statements as required under Fed. R. Civ. P. 56(c), so the court considers those facts undisputed for purposes of the motions for summary judgment, adopts them by reference, and limits its discussion to whether judgment is appropriate as a matter of law based on the record before it. *See* Fed. R. Civ. P. 56(e)(2); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003); Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993).

A. Federal Claims Under § 1983

Mr. Hartz brought claims under 42 U.S.C. § 1983 against Sheriff Lain in his individual and official capacity, Warden Widup in his official capacity, and Advanced Correctional Healthcare, Inc., alleging that the defendants were deliberately indifferent to a "serious medical condition" when they failed to provide him with all of the medications he was taking before he arrived at the jail on December 7, 2010 and to ensure access to adequate medical care when he began exhibiting erratic behavior in January 2011, and that he was injured as a result of the their "systemic and individual actions and inactions."

1. *Individual Capacity Claim*

3

To prevail on his claim against Sheriff Lain in his individual capacity, Mr. Hartz must show that the Sheriff was personally involved in the deprivation of a constitutional right, Hafer v. Melo, 502 U.S. 21, 25 (1991); Palmer v. Marion County, 327 F.3d 588 (7th Cir. 2003), *i.e.*, that he knew about the conduct that caused the deprivation and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye…." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

The complaint alleges that "the Defendants" knew about Mr. Hartz's medical condition, disregarded his "requests for treatment…and failed to take reasonable measures to meet [his] serious medical needs", and did so in furtherance of an "unreasonable" policy or custom that Sheriff Lain "established and maintained." But Mr. Hartz hasn't pointed to any evidence that could support those allegations, or identified any facts from which the court could reasonably infer that Sheriff Lain had knowledge of Mr. Hartz's condition, or was personally involved in, or liable for, the alleged deprivation of his constitutional rights.

To the contrary, the affidavits and deposition testimony submitted by the defendants unequivocally show that Dr. Collier was responsible for Mr. Hartz's medical care; that his treatment decisions weren't based on any policy, custom, or practice implemented by the jail or Advanced Correctional Healthcare, but on his medical judgment; and that Sheriff Lain had no knowledge of Mr. Hartz's conditions or medical treatment until January 8, 2011, after Mr. Hartz had returned from the hospital after his fall. Sheriff Lain, accordingly, is entitled to judgment as a matter of law on the individual capacity claim. *See* Pepper v. Village

of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under 1983, an individual defendant must have 'caused or participated in a constitutional deprivation'"); Luck v. Rovenstine, 168 F.3d 323, 327 (7th Cir. 1999)(Sheriff not liable in individual capacity where arrestee had no direct contact with the sheriff and sheriff lacked actual knowledge of wrongful detention); Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

2. *Official Capacity and Claims against ACH*

A § 1983 claim against ACH and Sheriff Lain and Warden Widup in their official capacities is effectively a claim against the municipality. *See* Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997); IND. CODE § 36-8-10-4(a) (members of a county police force "are employees of the county..."). To prevail on such a claim, Mr. Hartz must show that he was deprived of a constitutional right by an official policy or custom. Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 691 (1978); Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008). Mr. Hartz might have met that burden by showing that the alleged deprivation of his constitutional rights was caused by "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority". Milestone v. City of Monroe, Wis., 665 F.3d 774, 780 (7th Cir. 2011); *see also* Monell v. Department of Social Servs. of the City of New York, 436 U.S. at 694; Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for

5

their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'").

Mr. Hartz alleged in his complaint that "the Defendants" were acting in furtherance of an "unreasonable" policy or custom that Sheriff Lain "established and maintained," when they "disregarded his "requests for treatment…and failed to take reasonable measures to meet [his] serious medical needs." But he hasn't identified the policy or custom to which he was referring, shown that the defendants were personally involved in any decisions regarding Mr. Hartz's medical care, or identified any other incidents from which liability might be inferred. The record is insufficient to allow a finding that the ACH, Sheriff Lain, or Warden Widup had a policy, practice, or custom that was the driving force behind the alleged constitutional violation.

B. State Law Claims

Mr. Hartz also asserts claims of negligence on the part of all defendants. The court generally would relinquish jurisdiction over supplemental state law claims rather than resolving them on the merits, when all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); Al's Service Center v. BP Products North America, Inc., 599 F.3d 720, 727 (7th Cir. 2010); Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). "This rule, however, is subject to three recognized exceptions: when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim

6

is to be decided." Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). Mr. Hartz's state claims clearly fall within those exceptions and "is so closely related to the plaintiff's federal-law claims as to be in effect part of the same case." Williams Electronics Games, Inc. v. Garrity, 479 F.3d 904, 906 (7th Cir. 2007).

"In order to prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." Peters v. Forster, 804 N.E.2d 736, 738 (Ind.2004). As already discussed, the defendants owed a duty to Mr. Hartz to provide adequate medical care, but Mr. Hartz hasn't pointed to any evidence that would show that they breached that duty or that his injuries were caused by their actions or failure to act, and he can't rest on the conclusory allegations in paragraphs 78-81 of his complaint.

### III. CONCLUSIONS

For the foregoing reasons, the court GRANTS the defendants' motions for summary judgment [Doc. Nos. 66 and 69], VACATES the July 25, 2016 final pretrial conference and August 16, 2016 trial date, and DIRECTS the Clerk to enter judgment for the defendants.

SO ORDERED.

ENTERED:   May 26, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court