UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES HARTZ, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) CAUSE NO. 2:13-CV-9 RLM |
| | ) |
| DAVID LAIN, individually and in his official capacity as Sheriff of Porter County Indiana, *et al.*, | ) |
| | ) |
| *Defendants* | ) |

## OPINION AND ORDER

Following the entry of judgment for the defendants, Advanced Correctional Health Care, Inc. filed a motion for an award of costs under Fed. R. Civ. P. 54(d), that included related nontaxable expenses. Plaintiff Charles Hartz hasn't responded to that motion or sought additional time to do so. For the following reasons, the court grants the motion in part.

The court has discretion in determining whether expenses claimed by a prevailing party are actually taxable as costs under Fed. R. Civ. P. 54(d), Deimer v. Cincinnati Sub-Zero Products, Inc., 58 F.3d 341, 345 (7th Cir.1995), but that discretion is not without limitations, and "items proposed by winning parties as costs should always be given careful scrutiny." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Under 28 U.S.C. § 1920, the court may only award costs that fall into one of the following categories:

(1) Fees of the clerk and marshal;

(2) Fees for…transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923];

(6) Compensation of court appointed experts copies, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

Cefalu v. Village of Elk Grove, 211 F.3d 416, 427 (7th Cir. 2000). A claim for related nontaxable expenses may be made by motion, but must specify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(A) and (B)(ii).

In its bill of cost (Exhibit A), Advanced Correctional Health Care seeks $239.50 for the transcript of the Charles Hartz deposition, $57.80 for printing, and $986.46 for "other costs". The itemized list attached to the motion (Exhibit B), however, indicates that it expended $108.15 for photocopying various documents, $756.31 for copies of Mr. Hartz's medical records, and $179.80 for its attorney to travel to/from Mr. Hartz's deposition on June 24, 2015 and to dine after the deposition.

Reimbursement for photocopying is an allowable cost under 28 U.S.C. § 1920(4), if the copies were necessary "for use in the case" and were not made solely for the convenience of counsel, and the number of copies made and amount billed is reasonable. S*ee* Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993); Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633,

2

643 (7th Cir. 1991); McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990). Advanced Correctional Health Care's itemized list satisfies that criteria. It shows that the copies were attributable to discovery and its motion for summary judgment, that the number of copies made and fee charged (721 pages at 15 cents a page) were necessary to the litigation and reasonable, and that the copies weren't simply a matter of convenience. Mr. Hartz doesn't dispute the reasonableness or necessity of the expenditure, so the court grants Advanced Correctional Health Care's request for $108.15 in copying expenses.

Mr. Hartz's claim for damages was based on his physical and mental condition after the incident that formed the basis of this lawsuit. Given the nature of the injuries alleged and the number of treating sources involved, it was reasonable and necessary for Advanced Correctional Health Care to expend $756.31 to obtain copies of his medical records. *See* Firestine v. Parkview Health System, Inc., 374 F.Supp.2d 658 (N.D. Ind. 2005) (amount incurred for obtaining employee's medical records was necessarily obtained for use in Title VII case and was a permissible cost, where counsel believed that employer was planning to call employee's doctor or argue her medical history during its case in chief).

Advanced Correctional Health Care also seeks reimbursement of $179.80 for travel and subsistence expenses incurred by counsel to attend the plaintiff's June 24, 2015 deposition. Those expenses don't fall within any of the categories of taxable costs listed in 28 U.S.C. § 1920, *see* State of Illinois v. Sangamo Construction Co., 657 F.2d 855 (7th Cir. 1981) ("major expenses such as

attorneys' fees, investigatory services, and most travel and subsistence expenses generally are not recoverable 'costs'"), and Advanced Correctional Health Care hasn't provided any other statutory or contractual authority that would allow the court to charge the plaintiff with the cost of counsel's travel and subsistence. Accordingly, its request for reimbursement in the amount of $179.80 for those expenses is denied.

For the foregoing reasons, the court GRANTS Advanced Correctional Health Care's motion for an award of costs [Doc. No. 79] to the extent it seeks reimbursement for the cost of photocopying and obtaining the plaintiff's medical records, and taxes costs against the plaintiff, Charles Hartz, in the total amount of $1,103.96.

SO ORDERED.

ENTERED:   June 20, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court

4